# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**BETTY CAITLIN NICOLE SMITH,**

      **Plaintiff,**

**vs.**                              **Case No. 4:18cv393-MW/CAS**

**JUDGE ANDREW DECKER, III,**

      **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a complaint, ECF No. 1, a motion requesting leave to proceed in forma pauperis, ECF No. 3, and an "emergency motion child endangerment." ECF No. 4.

Plaintiff's financial affidavit demonstrates that Plaintiff lacks the resources to pay the filing fee for this case. Good cause having been shown, ECF No. 3, the motion is granted.

Plaintiff's emergency motion, ECF No. 4, asserts that Plaintiff "is unaware of the state of [her] minor child . . . and fears for his life and safety." ECF No. 4 at 1. The child resides with his biological father who Plaintiff contends is abusive and has a history of mental health issues. *Id.*

Plaintiff alleges that placing the child with the father is in violation of a

domestic violence order entered by a court in Kentucky.  *Id.* at 2-3.  Plaintiff

requests that this Court have law enforcement return the minor child to the

Plaintiff and enforce the domestic violence order.  *Id.* at 6-7.  Moreover, it is

apparent that Plaintiff seeks to have this Court overturn an Amended Final

Judgment of Dissolution of Marriage entered on July 30, 2018, by the

Defendant, Circuit Judge Andrew J. Decker, III, in the Circuit Court, Third

Judicial Circuit, in and for Madison County, Florida.  ECF No. 4 at 11- 41.

Additionally, Plaintiff's complaint has been reviewed to determine

whether it states a plausible claim.  Plaintiff's complaint is brought against

Andrew J. Decker, III, a state court judge.  ECF No. 1.  The complaint also

challenges Judge Decker's order and Plaintiff seeks relief from that order.

ECF No. 1 at 7.

This is not Plaintiff's first lawsuit in this Court concerning her

dissolution of marriage and interrelated issues about child custody. *See*

case number 4:17cv110-MW/CAS.  The result of this case and Plaintiff's

first case are the same.

Federal courts traditionally refrain "from exercising authority over

matters broadly described as 'domestic relations.'"  U.S. v. Kegel, 916 F.

Supp. 1233, 1235 (M.D. Fla., 1996) (citing <u>Barber v. Barber</u>,[1] 62 U.S. (21 How.) 582, 584, 16 L. Ed. 226 (1858); <u>Simms v. Simms</u>, 175 U.S. 162, 20 S. Ct. 58, 44 L. Ed. 115 (1898)).  It has been well established for over 150 years that federal courts lack jurisdiction to hear cases concerning divorce, alimony, or child custody cases.  <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 703, 112 S. Ct. 2206, 2215, 119 L. Ed. 2d 468 (1992) (concluding "that the domestic relations exception, as articulated by this Court since <u>Barber</u>, divests the federal courts of power to issue divorce, alimony, and child custody decrees."); *see also* <u>Barber v. Barber</u>, 62 U.S. 582, 584, 16 L. Ed. 226 (1858) (stating "[w]e disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony").  <u>In re Burrus</u>, 136 U.S. 586, 594, 10 S. Ct. 850, 853, 34 L. Ed. 500 (1890), was a child-custody dispute in which a grandfather claimed he was illegally imprisoned because the father was wrongfully given custody. The Supreme Court held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."  <u>Burrus</u>, 136 U.S. at 593-594.

---

[1] In <u>Barber</u>, the wife (who lived in New York) filed a federal suit in Wisconsin against her husband, who lived in Wisconsin, seeking to enforce a New York state court decree concerning alimony.  62 U.S. at 584.

Plaintiff's claims here involve state court proceedings. Matters concerning the dissolution of marriage and awarding child custody are issues to be determined in state court. "As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees." Ankenbrandt, 504 U.S. at 704, 112 S. Ct. at 2215.

Additionally, this Court lacks authority to modify, vacate, or overrule orders entered by a state court judge. This Court does not sit as an appellate court. The proper method to challenge an order from state court is to file an appeal with the appropriate Florida District Court of Appeal. Plaintiff is well aware of that method because she has already done so. *See* ECF No. 4 at 109-112. This Court lacks jurisdiction to review final orders issued by state court judges.

The *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206

Case No. 4:18cv393-MW/CAS

(1983).  The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgement entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights."  Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994) (quoted in Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010)).  That is Plaintiff's claim in this case.  *See* ECF No. 1 at 8.  Because this Court lacks jurisdiction to consider Plaintiff's complaint, ECF No. 1, her "emergency motion," ECF No. 4, must be denied, and this case dismissed.

Accordingly, it is **ORDERED** that Plaintiff's motion requesting leave to proceed in forma pauperis, ECF No. 3, is **GRANTED**.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No.

1, be **DISMISSED** for lack of subject matter jurisdiction and her

"emergency motion," ECF No. 4, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 27, 2018.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



**<u>NOTICE TO THE PARTIES</u>**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**